FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 15, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC TOWNSEL, | 4:19-cv-05048-SAB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO RECONSIDER AND GRANTING SECOND OPPORTUNITY TO VOLUNTARILY DISMISS COMPLAINT** |
| UNITED STATES, JUDGE SALVADOR MENDOZA, JR., JUDGE JAMES L. ROBART and MMAGISTRATE JUDGE MARY ALICE THEILER, | |
| Defendants. | |

By Order filed July 1, 2019, the Court found that Plaintiff's complaint failed to state a claim upon which relief may be granted under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), and that no amendment could cure this deficiency. ECF No. 9 at 2-3. Rather than dismissing the complaint outright pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), the Court granted Plaintiff the opportunity to voluntarily dismiss. *Id.* at 3.

Plaintiff, a *pro se* prisoner at the Washington State Penitentiary, is proceeding *in forma pauperis*; Defendants have not been served. Rather than accept the offer to voluntarily dismiss, Plaintiff filed a document titled, "Petitioner and Plaintiff's E-Filed Objections and Response to the Judges Order ECF No. 9 and Motion to Reconsider Order," which was noted for hearing on August 26,

**ORDER DENYING MOTION TO RECONSIDER AND GRANTING SECOND OPPORTUNITY TO VOLUNTARILY DISMISS COMPLAINT - 1**

2019. ECF No. 10. It was considered without oral argument on the date signed below.

Plaintiff argues that because his case is "based upon a Writ of Mandamus" and is not seeking monetary damages, he should be allowed to proceed against the United States and the named judicial officers. Plaintiff contends he did not bring this action under 42 U.S.C. § 1983. Regardless, "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

*Bivens* recognized an implied private action for money damages against federal officers alleged to have violated a citizen's constitutional rights. *Bivens,* 403 U.S. at 397. However, "relief under *Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action." *Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016). To the extent Plaintiff is asserting a claim under *Bivens,* he has failed to state a claim upon which relief may be granted.

Plaintiff seeks a declaration that court rulings violated his constitutional rights. ECF No. 10 at 4-5. It is not the province of a United States District Court to grant such relief. Rather, a litigant wishing to challenge a court ruling may appeal that decision to the proper Circuit Court of Appeals.

Plaintiff asks the Court to reconsider the Order Granting Opportunity to Voluntarily Dismiss. ECF No. 10 at 1. An order that resolves fewer than all the claims among the parties—that is, a non-final order—"may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify it, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *see Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514-15 (9th Cir. 2003) (noting that motions for

reconsideration of non-final orders are not subject to the strict standards applicable to motions for reconsideration of final judgment).

Plaintiff's request for reconsideration is denied. Plaintiff has failed to provide any valid reason why this Court should amend its prior ruling. The Federal Rules of Civil Procedure state that writs of mandamus are abolished in favor of an appropriate motion, Fed. R. Civ. P. 81(b). *Finley v. Chandler*, 377 F.2d 548 (9th Cir. 1967). In addition, judicial immunity is not limited to immunity from damages, it also extends to actions for declaratory, injunctive, and other equitable relief. *See Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987). Plaintiff's apparent attempt to circumvent the proper appeal process is misguided. For the reasons set forth above, **IT IS ORDERED** Plaintiff's motion for reconsideration, ECF No. 10 is **DENIED.**

Because Plaintiff is proceeding *pro se* the Court will grant him a second and final opportunity to voluntarily dismiss. Plaintiff may submit the attached Motion to Voluntarily Dismiss within **thirty (30) days** of the date of this Order. Failure to do so will result in the dismissal of the complaint as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and a "strike" under 28 U.S.C. § 1915(g). A voluntary dismissal within this 30-day period will not count as a strike.

//
//
//
//
//
//
//
//
//

**ORDER DENYING MOTION TO RECONSIDER AND GRANTING SECOND OPPORTUNITY TO VOLUNTARILY DISMISS COMPLAINT** - 3

Plaintiff is still obligated to pay the full filing fee of $350.00. However, if Plaintiff elects to take a voluntary dismissal within the 30-day period, Plaintiff may simultaneously file a separate motion and affidavit (or declaration under penalty of perjury) to waive collection of the remaining balance of the filing fee in this action. The Court will grant such a motion only for good cause shown. In no event will prior partial payments be refunded to Plaintiff.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward a copy to Plaintiff, along with a form Motion to Voluntarily Dismiss Complaint**.** The Clerk of Court shall **set a 30-day case management deadline and terminate the prior deadline in this case.**

**DATED** this 15th day of August 2019.



Stanley A. Bastian
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ERIC TOWNSEL,
                Plaintiff,

    v.

UNITED STATES, JUDGE
SALVADOR MENDOZA, JR.,
JUDGE JAMES L. ROBART and
MMAGISTRATE JUDGE MARY
ALICE THEILER,
                Defendants.

NO: 4:19-cv-05048-SAB

MOTION TO VOLUNTARILY
DISMISS COMPLAINT

Plaintiff ERIC TOWNSEL requests the court grant his Motion to

Voluntarily Dismiss the Complaint pursuant to Rule 41(a), Federal Rules of Civil

Procedure. Plaintiff is proceeding *pro se*; Defendants have not been served in this

action.

     **DATED** this_____day of _____ 2019.


                              _____
                                   ERIC TOWNSEL